## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **David McColley, on behalf of himself and others similarly situated,** | ) ) ) | CASE NO. 2:21-cv-3262 |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | MAGISTRATE JUDGE |
| CJJS, LLC d/b/a Grapevine Pizza 6462 Winchester Blvd. Canal Winchester, Ohio 43110 | ) ) ) ) | **PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |

Named Plaintiff David McColley ("Plaintiff" "Named Plaintiff" "McColley"), on behalf of himself and all others similarly situated, and on behalf of the class that Plaintiff seeks to represent (collectively the "Putative Class" or the "Putative Class Members"), brings this action against the Defendant CJJS, LLC d/b/a Grapevine Pizza ("Grapevine" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts") and the Ohio Constitution, Oh. Const. Art. II, §34a (the Ohio Acts and Oh. Const. Art. II, §34a will be referred to collectively as the "Ohio Wage Laws"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the Ohio Acts' claims are asserted as a class action pursuant to Rule 23 for all of Defendant's employees who worked in Ohio. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in this judicial district, a substantial part of the events or omission giving rise to the claim occurred in this judicial district, and Defendant has done substantial business in this judicial district.

## II.     THE PARTIES

4.      Named Plaintiff David McColley resides in this judicial district.

5.      Plaintiff was employed by Defendant from approximately July, 2018 through June, 2019.

6.      During his employment with Defendant, Named Plaintiff was an hourly, non-exempt employee.

7.      During his employment with Defendant, Defendant compensated Plaintiff at a rate of less than the full minimum wage - approximately $7.00 per hour in 2019.

8.      Named Plaintiff was not paid for all his compensable hours worked due to several reasons, including, but not limited to:  (1) Defendant's failure to pay Plaintiff and other similarly-situated tipped employees all earned minimum wages because they primarily performed non-tipped job duties in excess of twenty percent (20%) of the workweek; (2) Defendant's failure to

pay all earned minimum wages because it did not provide a tip credit notice (*See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b)). The same policies and practices that resulted in unpaid wages and other compensation to Named Plaintiff were applied uniformly to similarly situated employees.

9.      At all times relevant, Named Plaintiff was an employee of Defendant as defined in the FLSA and the Ohio Acts.

10.     Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated employees and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

11.     Defendant is a domestic limited liability company incorporated in the State of Ohio and has its principal place of business located in this judicial district.

12.     Defendant is actively doing business in this judicial district. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Wage Acts, and Ohio Constitution Art. 2 § 34a.

13.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including minimum wage compensation.

14.     Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales

made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III.   STATEMENT OF FACTS

16.     Plaintiff was employed by Defendant from approximately July, 2018 through June, 2019.

17.     During his employment with Defendant, Defendant compensated Plaintiff at a rate of less than the full minimum wage - approximately $7.00 per hour in 2019.

18.     Defendant labeled Plaintiff's position as "delivery driver."

19.     During his employment with Defendant, Named Plaintiff and the Putative Class Members were not paid for all of their compensable hours worked due to several reasons, including but not limited to: (1) Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages because they primarily performed non-tipped work in excess of twenty percent (20%) of the compensable hours during the workweek on behalf of Defendant; and (2) Defendant was not entitled to apply a tip credit towards the Named Plaintiff's and the Putative Class Members' minimum wages because its hourly non-exempt employees perform non-tipped job duties in excess of 20% of their hours worked and because Defendant failed to inform its employees of the tip credit notice provisions.

20.     As a result, Plaintiff and the Putative Class Members have been damaged in that they are owed unpaid minimum, overtime, and other wages as described herein.

## IV.    COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Minimum Fair Wages.

21.    Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated persons of the opt-in class, consisting of:

> All current and former employees of Defendant working in a position for which a tip credit was applied at any time from the three years precedent the filing of this Complaint through the present and until final resolution of the case (the "§216(b) Collective" or the "§216(b) Collective Members").

22.    During all times material to this Complaint, Defendant has paid Plaintiff and the §216(b) Collective Members, as defined *infra*, a base wage while attempting to utilize a tip credit to satisfy its obligation of paying Plaintiff and the §216(b) Collective Members the federally established minimum wage. Upon information and belief, the wage rates paid by Defendant to Plaintiff and the §216(b) Collective Members in workweeks during the relevant time period have been at or below the full minimum wage rate.

23.    First, Defendant failed to pay Plaintiff and similarly situated tipped employees all earned minimum wages because they primarily performed non-tipped work in excess of twenty percent (20%) of the compensable hours during the workweek, including, but not limited to: cleaning/washing dishes, making and organizing boxes, miscellaneous errands such as purchasing alcohol at the liquor store for the bar side of the restaurant, purchasing pizza toppings, wiping down pizza pans, answering phones, sweeping, mopping, cleaning the restrooms, taking out trash, assisting in the kitchen as necessary, miscellaneous chores/tasks for the bar side of the restaurant, wiping down tables, and closing/locking up the restaurant after he was finished working for the day.

24.     In other instances, Plaintiff delivered food items, but it was not as frequent as the other job duties he performed above.

25.     Defendant's practice or policy violated the FLSA because it suffered or permitted its employees, including Plaintiff and similarly situated employees, to spend a substantial amount of time (i.e. in excess of 20%) performing non-tipped work, even though no tip credit may be taken under such circumstances herein and those tipped employees, including Plaintiff, must be paid the full minimum wage for all hours worked. *See* 29 C.F.R. § 531.56(e); *see also* Department of Labor Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

26.     Second, even assuming Plaintiff was a tipped employee, the §216(b) Collective has unpaid minimum wage damages under the FLSA as a result of Defendant's failure to inform its employees, including Plaintiff, of the required tip credit provisions prior to taking a tip credit. *See* 29 USC §203(m) and 29 CFR §531.59(b).

27.     Defendant, by violating the FLSA, is and was not permitted to avail itself of the tip-credit otherwise permitted by the FLSA. In paying Plaintiff and the §216(b) Collective Members at a sub-minimum wage rate in workweeks during the relevant period, Defendant violated §§ 203(m) and 206 of the FLSA.

28.     As a result, Defendant failed to pay Plaintiff and the §216(b) Collective Members the full minimum wage in workweeks during the relevant time period.

29.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid statutory minimum wages, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA.

30.     Named Plaintiff is representative of those other similarly situated employees in the entire §216(b) Collective Members and is acting on behalf of their interests as well as his own in bringing this action.

31.     The identity of the putative §216(b) Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

32.     A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which §216(b) Collective is entitled.

33.     Plaintiff is similarly situated to §216(b) Collective Members and will prosecute this action vigorously on their behalf.

**B.  Fed.R.Civ. P. 23 Class Action for Unpaid Minimum and Overtime Wages.**

34.     Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former employees of Defendant working in a position for which a tip credit was applied at any time during the previous three years through the present and until final resolution of the case (hereinafter "Rule 23 Class" or "Rule 23 Class Members").

35.     Within the Rule 23 Class, Named Plaintiff also brings this claim on behalf of himself and others similarly situated who were not informed of the tip credit provisions prior to applying a tip credit. *See* 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b).

36.     First, Defendant failed to pay Plaintiff and similarly situated tipped employees all earned minimum wages because they primarily performed non-tipped work in excess of twenty

percent (20%) of the compensable hours during the workweek, including, but not limited to: cleaning/washing dishes, making and organizing boxes, miscellaneous errands such as purchasing alcohol at the liquor store for the bar side of the restaurant, purchasing pizza toppings, wiping down pizza pans, answering phones, sweeping, mopping, cleaning the restrooms, taking out trash, assisting in the kitchen as necessary, miscellaneous chores/tasks for the bar side of the restaurant, wiping down tables, and closing/locking up the restaurant after he was finished working for the day.

37.     In other instances, he did deliver foot items, but it was not as frequent as the job duties he performed above.

38.     Defendant's practice or policy violated Ohio law because it suffered or permitted its employees, including Plaintiff and similarly situated employees, to spend a substantial amount of time (i.e. in excess of 20%) performing non-tipped work, even though no tip credit may be taken under such circumstances herein and those tipped employees, including Plaintiff, must be paid the full minimum wage for all hours worked.

39.     In paying Named Plaintiff and the Rule 23 Class Members at a sub-minimum wage rate in workweeks during the relevant time period, including Plaintiff, Defendant violated Ohio law.

40.     As a result, Defendant failed to pay Plaintiff and the Rule 23 Class Members the full minimum wage in workweeks during the relevant time period as described herein.

41.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42.     Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

43.     Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

44.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that he undertaken to represent.

45.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

46.     Questions of law and fact are common to the Rule 23 Class.

47.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

48.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

49.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50.     Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by taking a tip credit towards the payment of minimum wages to its hourly, non-exempt employees even though it suffered or permitted Plaintiff and those similarly situated to perform non-tipped work in excess of twenty percent (20%) of their compensable hours during the workweek; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or

withheld compensation and overtime is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Rule 23 Class members on the compensation which was withheld or not paid to them.

51.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## <u>COUNT I</u>
### (FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES)

52.     All of the preceding paragraphs are realleged as if fully rewritten herein.

53.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Collective.

54.     During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Collective.

55.     The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

56.     During relevant times, the Named Plaintiff and the §216(b) Collective Members were hourly, non-exempt employees who were compensated at a base wage that was less than the federal minimum wage.

57.     During all times material to this Complaint, Defendant was an "employer" covered by the minimum wage requirements set forth in the FLSA. *See* 29 U.S.C. § 203(d).

58.     During all times material to this Complaint, Plaintiff and the §216(b) Collective Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e), and not otherwise exempt.

59.     The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage provided they have informed their employees of the tip credit notice provision. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59.

60.     First, Defendant's practice or policy violated the FLSA because it suffered or permitted its employees, including Plaintiff and similarly situated employees, to spend a substantial amount of time (i.e. in excess of 20%) performing non-tipped work, even though no tip credit may be taken under such circumstances herein and those tipped employees, including Plaintiff, must be paid the full minimum wage for all hours worked. *See* 29 C.F.R. § 531.56(e); *see also* Department of Labor Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

61.     Second, during all times material to this Complaint, even though Plaintiff was not a "tipped employee," Defendant knowingly and willfully failed to inform Plaintiff and the §216(b) Collective Members of the tip credit notice provisions prior to applying a tip credit.

62.     Defendant, by violating the tip credit provisions of the FLSA, was not permitted to avail itself of the tip-credit.

63.     The exact total amount of compensation that Defendant has failed to pay the Named Plaintiff and the §216(b) Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

64.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Collective Members.

### COUNT II
### (MINIMUM WAGE VIOLATIONS OF ON BEHALF OF ALL RULE 23 CLASS MEMBERS)

65.     All of the preceding paragraphs are realleged as if fully rewritten herein.

66.     This claim is brought as part of a class action by the Named Plaintiff on behalf of himself and the Rule 23 Class under the Ohio Wage Laws.

67.     During all times material to this complaint, Defendant has been an employer within the meaning of Article II, Section 34a of the Ohio Constitution and was required to comply with the Ohio Constitution's mandates.

68.     During all times material to this complaint, Plaintiff and the Rule 23 Members have been employees within the meaning of Article II, Section 34a of the Ohio Constitution, and not otherwise exempt.

69.     Article II, Section 34a of the Ohio Constitution only permits an employer to take a "tip credit" to use towards satisfying its obligation of paying tipped employees the Ohio Constitution's established minimum wage.

70.     During all times relevant, Plaintiff was not a "tipped employee" because he performed a substantial amount of time (in excess of 20%) performing non-tipped job duties.

71.     Despite performing non-tipped job duties, Defendant paid him and similarly situated others less than the minimum wage in Ohio.

72.     For example, Defendant paid Plaintiff $7.00 per hour in 2019 even though Ohio's minimum wage for 2019 was $8.55 per hour.

73.     Defendant, by applying a tip credit towards the payment of minimum wages to its hourly, non-exempt employees, violated Article II, Section 34a of the Ohio Constitution and was not eligible or permitted to apply a tip credit to Plaintiff and the Rule 23 Class. Defendant, by compensating Plaintiff and the Rule 23 Class at rate less than those established by the Article II, 34a violated the Ohio Constitution.

74.     Accordingly, Defendant, by paying Plaintiff and the Rule 23 Class Members at a base wage less than Ohio's minimum wage violated Article II, Section 34a of the Ohio Constitution.

75.     Defendant willfully and knowingly failed to pay the Rule 23 Class proper wages.

76.     Accordingly, Defendant has violated Article II, Section 34a of the Ohio Constitution.

77.     The exact total amount of compensation that Defendant has failed to pay the Named Plaintiff and the Rule 23 Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

78.     As a result of Defendant's violations, Named Plaintiff and the Rule 23 Class Members suffered and continue to suffer damages to which they are entitled to, including, but not limited to, unpaid wages, an additional two times unpaid wages in damages under Section 34a of the Ohio Constitution, costs, interests, attorneys' fees, and all other remedies available under the OMFWSA and Art. II, Section 34a. *See* R.C. § 4111.14(J) and R.C. § 4111.13(C)-(D).

### COUNT III
### (VIOLATIONS OF THE OHIO PROMPT PAY ACT)

79.     All of the preceding paragraphs are realleged as if fully rewritten herein.

80.     This claim is brought on behalf of himself and on behalf of all members consisting of the Rule 23 Class.

81.     During all times relevant, Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

82.     During relevant times, Defendant was an entity covered by the OPPA.

83.     The OPPA requires that the Defendant pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid minimum and overtime wages, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

84.     During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid full wages within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

85.     Named Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

86.     Named Plaintiff and the Rule 23 Class Members have been harmed and continue to be harmed by Defendant's acts or omissions described herein.

87.     In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## <u>COUNT IV</u>
## (FAILURE TO PRODUCE RECORDS - OHIO CONSTITUTION, ARTICLE II, § 34a)

88.     All of the preceding paragraphs are realleged as if fully rewritten herein.

89.     Article II, Section 34a of the Ohio Constitution, requires an employer to maintain certain employee records. *See* Article II, Section 34 of the Ohio Constitution.

90.     By "record," it means the "name, address, occupation, pay rate, hours worked for each day worked, and each amount paid an employee for a period of not less than three years following the last date the employee was employed."

91.     Pursuant to Article II, Section 34a of the Ohio Constitution, "such information shall be provided without charge to an employee or person acting on behalf of an employee upon request."

92.     Article II, Section 34a is self-executing.

93.     A private cause of action exists to enforce the provisions of the Ohio Constitution that mandates producing and maintaining Plaintiff's records as described above.

94.     During times material to this Complaint, Defendant was a covered employer, and required to comply with the mandates of the Ohio Constitution as described herein.

95.     Plaintiff was a covered employee entitled to the protection of the Ohio Constitution as described herein.

96.     On July 28, 2020 and August 12, 2020, Plaintiff's Counsel sent via U.S. Certified Mail a request to produce Plaintiff's payroll and time records from Defendant in accordance with Art. II, Section 34a of the Ohio Constitution at its statutory agent address of "CJJS, LLC c/o Charles W. Jeffers II, 6460 Winchester Blvd., Canal Winchester, Ohio 43110."

97.     However, the records requests were returned to counsel as "undeliverable."

98.     On September 21, 2020, Plaintiff's Counsel sent via U.S. Certified Mail a request to produce Plaintiff's payroll and time records from Defendant in accordance with Art. II, Section 34a of the Ohio Constitution at the address listed on its website[1], which is 6462 Winchester Blvd., Canal Winchester, Ohio 43110 ("September 21, 2020 Records Request").

99.     In the September 21, 2020 Records Request, Plaintiff's counsel outlined the previous efforts to serve Defendant with a records request and also requested Plaintiff's records for a third time.

100.    Defendant received[2] the September 21, 2020 Records Request on or about September 24, 2020.

101.    As of the date of this Complaint, Defendant has not produced any records.

102.    By failing to produce a complete "record," as that term is defined by the Ohio Constitution to include the "name, address, occupation, pay rate, hours worked for each day worked, and each amount paid an employee for a period of not less than three years following the last date the employee was employed," Defendant violated Art. II, Section 34a of the Ohio Constitution.

103.    As a result of Defendant violation of the Ohio Constitution, Plaintiff is entitled to prove his damages by way of just and reasonable inferences. Moreover, Plaintiff is entitled to pursue all damages associated therewith, including, but not limited to, unpaid wages, an additional two times unpaid wages (i.e. treble damages) under Section 34a, as well as recover his attorneys' fees and costs associated with enforcing these provisions.

---

[1] *See* https://grapevinecanal.com/ (last visited June 4, 2021).
[2] *See* https://tools.usps.com/go/TrackConfirmAction!input.action?tLabels=420431109514806595760266288063.
(last visited June 4, 2021).

## V.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated prays for relief as follows:

A.    Judgment against Defendant for damages for all unpaid minimum wage compensation and other compensation owed to Named Plaintiff and the §216(b) Collective during the applicable statutory period under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

B.    An Order certifying the proposed §216(b) Collective;

C.    Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

D.    An Order directing Defendant to pay reasonable attorneys' fees and all costs associated with this action;

E.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F.    An Order certifying the proposed action as a class action on behalf the Ohio Rule 23 Class;

G.    Designation of Named Plaintiffs as representative of the Rule 23 Class and counsel of record as Class Counsel;

H.    Judgment against Defendant for damages for all unpaid overtime and minimum wages owed to Named Plaintiff the Ohio Rule 23 Class Members during the applicable statutory period;

I.      Judgment against Defendant for all liquidated damages allowed by Ohio law for Plaintiff and all other similarly situated employees, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

J.      Treble damages, including but not necessarily limited to liquidated damages provided O.R.C. §4111.14(J), prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

K.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid compensation owed or $200 pay period, whichever is higher, to the Named Plaintiff, individually, and the Rule 23 Class during the applicable statutory period;

L.      A service award to Named Plaintiff;

M.      An Order that Defendant violated Art. II, Section 34a of the Ohio Constitution when it failed to timely produce Named Plaintiff's pay records;

N.      All available relief under Art. II, Section 34a of the Ohio Constitution;

O.      Equitable tolling of Named Plaintiff's claims under the Ohio Wage Laws due to Defendant's failure to produce his records under the Ohio Constitution;

P.      Plaintiff's costs and attorneys' fees associated with this action;

Q.      Prejudgment interest, post-judgment interest, and any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

R.      Such other and further relief as this Court deems necessary, just, or proper.

Respectfully Submitted,

/s/ Matthew J.P. Coffman                                 /s/ Daniel I. Bryant            

Matthew J.P. Coffman (0085586)                 Daniel I. Bryant (0090859)

*Trial Counsel*                                       **BRYANT LEGAL, LLC**

**COFFMAN LEGAL, LLC**                  1550 Old Henderson Road

1550 Old Henderson Road                     Suite 126

Suite 126                                           Columbus, Ohio 43220

Columbus, Ohio 43220                       Phone: 614-704-0546

Phone: 614-949-1181                        Fax: 614-573-9826

Fax: 614-386-9964                             Email: dbryant@bryantlegalllc.com

Email: mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ Matthew J.P. Coffman     

Matthew J.P. Coffman (0085586)